**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

KASPER LAMAR DOBBS,

    Movant,

vs.

UNITED STATES OF AMERICA.

No. C08-1006-LRR
No. CR04-1004-LRR

ORDER

---

This matter appears before the court on Kasper Lamar Dobb's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (docket no. 1), motion to proceed in forma pauperis (docket no. 2) and motion to amend (docket no. 4). Kasper Lamar Dobb's ("the movant") filed his § 2255 motion and motion to proceed in forma pauperis on February 15, 2008 and his motion to amend on March 4, 2008.

With respect to the movant's motion to proceed in forma pauperis, there is no filing fee associated with filing a motion under 28 U.S.C. § 2255. To the extent that the movant is seeking in forma pauperis status because he wants the court to appoint an attorney to represent him, the court concludes that appointment of counsel is not warranted in light of the four claims that he asserted. Appointment of counsel is based on multiple factors, including the complexity of the case, and, although the court does appoint attorneys in actions that arise under 28 U.S.C. § 2255, it is not required to appoint an attorney. *See Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) (setting forth factors to be considered for appointment of counsel in civil case); *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (same); *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985) (stating an indigent litigant enjoys neither a statutory nor a constitutional right to have counsel appointed in a

civil case); *Day v. United States*, 428 F.2d 1193, 1195 (8th Cir. 1970) ("The Sixth Amendment does not extend to persons seeking post conviction relief." (citing *Baker v. United States*, 334 F.2d 444, 447 (8th Cir. 1964))). Accordingly, the movant's motion to proceed in forma pauperis (docket no. 2) is denied. Concerning the movant's motion to amend, the movant's proposed addition to the exhibits that he previously submitted sufficiently relates back to his original claim. Accordingly, the movant's motion to amend (docket no. 4) is granted.

Having conducted its preliminary consideration of the movant's § 2255 motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, the court directs the government and the movant to respond in the following manner:

> 1. The government is directed to file a brief in response to the movant's § 2255 motion on or before October 29, 2010. The government may attach relevant exhibits to its brief.
>
> 2. If he so chooses, the movant is directed to file a brief in reply to the government's response on or before November 12, 2010.

The movant raises at least one claim of ineffective assistance of counsel. A claim of ineffective assistance of counsel waives the attorney-client privilege as to communications with the attorney necessary to prove or disprove the claim. *See Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974) ("When a client calls into public question the competence of his attorney, the privilege is waived."); *see also United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009) (citing *Tasby*, 504 F.2d at 336); *In re Lott*, 424 F.3d 446, 453 (6th Cir. 2005) (same); *Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003) (addressing scope of waiver); ABA Model Rules of Professional Conduct 1.6(b)(5)-(6) (providing guidance as to when a lawyer may reveal information relating to representation of a client). Therefore, counsel whose representation is challenged is directed to cooperate with the government and to provide information, documents and/or

an affidavit, if necessary, that is responsive to any ineffective assistance of counsel claim asserted by the movant.

Where former counsel cooperates by reviewing his or her files, by providing information and documents, by preparing an affidavit and/or by testifying during an evidentiary hearing, the court deems it appropriate to pay him or her under the Criminal Justice Act, 18 U.S.C. § 3006A. After providing the requisite services, counsel may submit a supplemental CJA 20 voucher. Absent exceptional circumstances or an extraordinary reason for doing so, counsel's claim for services should not exceed 10 hours and claim for other expenses should not exceed $250.00.

**IT IS SO ORDERED**.

**DATED** this 14th day of September, 2010.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA